# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT <br><br> REV. JOSEPH SHEELY, <br><br> *Interested Party-Appellant*, <br><br> HAROLD R. FEEZLE, SUSAN E. SCHEUFELE, DAVID J. SCHEUFELE, ROLLERENA AUTO SALES, LLC, ROSEMARY MOZUCH, CHARLES MOZUCH, JON LUKE AFFELTRANGER, MARILYN FIGLEY, EDWARD E. BARNHOUSE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; LAURA MANN, et al., <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION, <br><br> *Defendants-Appellees*. | No. 24-3852 |

## MOTION FOR MISCELLANEOUS RELIEF

Plaintiffs-Appellees (hereinafter "Plaintiffs") respectfully move this Court to issue an order to show cause to Appellant Rev. Sheely to order his counsel to explain why this appeal should not be dismissed, given that Rev. Sheely asserted

on the record in district court that he did not want to appeal the district court's final order approving the class-action settlement agreement resolving this litigation. Plaintiffs also respectfully move this Court to stay the briefing schedule in this appeal and in the related appeal, No. 24-3880—which likewise arises out of the final approval of the settlement and involves the same counsel—until this issue is resolved. In the alternative, Plaintiffs respectfully move this Court to consolidate this appeal with the related appeal in No. 24-3880 and for a 30-day extension of the consolidated briefing deadline, to and including February 12, 2025, to allow Plaintiffs sufficient time to respond to both briefs.[1]

In the normal course, Plaintiffs would simply be moving for an extension of the deadline for their response brief in light of the upcoming holidays and the press of other business to allow for time to adequately respond to the arguments made in both this appeal and the related appeal. *See* District Court's Final Approval Order, R.557, PageID#14580-86; Sheely Notice of Appeal, R.558, PageID#14587; Troyan et al. Notice of Appeal, R.570, PageID#14768. But this is not the normal course, because, based on the last record statement of Rev. Sheely, David M. Graham—

---

[1] Counsel for Plaintiffs attempted to reach counsel for Rev. Sheely regarding his position on this motion and the requested relief, but were unsuccessful. Counsel for Defendants-Appellees Norfolk Southern Railway Company and Norfolk Southern Corporation represented that Defendants-Appellees consent to this motion.

counsel for class objectors both here and in No. 24-3880—seems to have filed this appeal on behalf of a client who does not wish to be here.

In a declaration filed below in opposition to a motion to post an appellate bond, Rev. Sheely stated unequivocally: "I choose not to pursue this appeal." Sheely Declaration, R.614-2, PageID#25164. That was not a one-off statement. Rev. Sheely also stated in a separate phone interview that was later reported on in an Ohio news source that he "never gave permission for [the appeal] to be filed." Benjamin Duer, *Pastor Says He 'Never Gave Permission' to File Appeal over Norfolk Southern Settlement*, Canton Repository (Oct. 1, 2024), https://tinyurl.com/yck9md39.

To be sure, it is entirely possible that Rev. Sheely has changed his mind and actually wants this appeal to go forward, or that Rev. Sheely's declaration and subsequent statement were in error. But if that is *not* the case, and Rev. Sheely really "choose[s] not to pursue this appeal," Sheely Declaration, R.614-2, PageID#25164, then it would benefit everyone—including not just the parties, but also this Court—to have that settled now, rather than after substantial resources are expended, especially given that Rev. Sheely's objections differ somewhat from those raised by the appellants in Case No. 24-3880.

Because lawyers are bound to operate according to the respective rules of professional conduct for the courts in which they practice, there is a general

3

presumption that an attorney who engages in certain conduct—appealing a district court's order, for example—had authorization from his client to do so. Absent any contrary statement in the court below, Plaintiffs would have naturally presumed that Rev. Sheely had authorized this appeal. But when a client asserts *in a sworn declaration* that he does not want to pursue an appeal, any presumption of authorization is rebutted, and an attorney may not pursue further action.

Indeed, that is why this Court said over eight decades ago that "[t]he general rule is that an attorney cannot, on his own motion, appeal from a judgment or decree injuriously affecting the interest of his client without said client's consent." *Brown v. Grand Trunk W. R. Co.*, 124 F.2d 1016, 1016 (6th Cir. 1941) (per curiam). At least five other Circuits have similar rules. *See, e.g.*, *Soliman v. Ebasco Servs. Inc.*, 822 F.2d 320, 323 (2d Cir. 1987) (holding that, without client's authorization, attorney lacks standing to pursue appeal); *In re. Maurice*, 69 F.3d 830, 833, 835 (7th Cir. 1995) (affirming district court's holding that attorney should have dismissed appeal immediately on being told that client did not want to proceed); *First Iowa Hydro Elec. Coop. v. Iowa-Ill. Gas and Elec. Co.*, 245 F.2d 630, 631-32 (8th Cir. 1957) (holding that nonparty attorneys may not appeal, and clients may not be made appellants against their will); *Telecom Italia S.p.A. v. L-3 Commc'ns Corp.*, 335 F.App'x 770, 773 (10th Cir. 2009) (reciting law of the circuit that "an attorney employed to engage in litigation has no right to prosecute an appeal" and

that "whether an appeal shall be taken is a question for determination by [a client]"); *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235-36 (11th Cir. 2020) (holding appeal by disqualified attorney invalid because "the decision whether to pursue a civil appeal belongs exclusively to the client" and there was no evidence Trust intended to appeal).

The last word on the record here is that Rev. Sheely did not want to pursue an appeal of the district court's final approval order. If Rev. Sheely's intentions have changed, that too should be made explicit on the record, as opposed to being presumed from the bare filing of an appeal, as in the normal course. Plaintiffs, therefore, respectfully move this Court to issue a show cause order to allow David M. Graham to explain why this appeal should not be dismissed. Additionally, Plaintiffs request that the briefing schedule be stayed in this appeal and in No. 24-3880 until such time as this matter is resolved. Alternatively, Plaintiffs move that this case and No. 24-3880 be consolidated and request an extension of 30 days, to and including February 12, 2025, to file their response brief to sufficiently respond to both sets of objectors' briefs.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
MATTHEW D. ROWEN
KYLE R. EISWALD[*]
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

[*] Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

December 19, 2024

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Rollerena Auto Sales, LLC, certifies that it does not have a parent corporation and that no publicly held corporation owns more than ten percent of its stock.

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 991 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

December 19, 2024

s/Paul D. Clement  
Paul D. Clement

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement
