# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT <br><br> REV. JOSEPH SHEELY, <br><br>    *Interested Party-Appellant*, <br><br> HAROLD R. FEEZLE, SUSAN E. SCHEUFELE, DAVID J. SCHEUFELE, ROLLERENA AUTO SALES, LLC, ROSEMARY MOZUCH, CHARLES MOZUCH, JON LUKE AFFELTRANGER, MARILYN FIGLEY, EDWARD E. BARNHOUSE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; LAURA MANN et al., <br><br>    *Plaintiffs-Appellees*, <br><br>    v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION, <br><br>    *Defendants-Appellees*. | No. 24-3852 |

**REPLY IN SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF**

Appellant's response to Plaintiffs' motion for miscellaneous relief confirms that, contrary to earlier indications, Rev. Sheely currently wishes to pursue this appeal.[1] It also confirms the need for an extension of the briefing schedule and the appropriateness of consolidating this appeal with the related appeal (filed by the same counsel) in No. 24-3880. Accordingly, Plaintiffs withdraw as moot their request for this Court to issue an order to show cause as to why this appeal should proceed, while reaffirming their request for consolidation and an extension.

Appellant's arguments against consolidation and an extension are without merit. First, a short extension of the briefing schedule is eminently proper in light of the holidays, the press of other business, *see* Plaintiff-Appellees' Motion for Miscellaneous Relief, CA6.Dkt.30 at 2, and Plaintiff's good-faith uncertainty regarding Rev. Sheely's consent to this appeal. Counsel for Appellant has offered

---

[1] While Appellant has confirmed that he currently wishes to pursue this appeal, his explanation for his earlier sworn statement to the contrary—namely, that it was meant to be a "*contingent*" disavowal of his appeal in the event the district court requires a bond, Appellant's Answer in Opposition, CA6.Dkt.31-1—suggests a possibility that the parties may be put to the expense of briefing this appeal, only to have it abandoned in the event that the district court grants Plaintiffs' pending motion for an appellate bond. To avoid that prospect, the Court may wish not only to grant the requested extension, but also stay the briefing in this appeal until the district court has resolved that motion.

no legitimate reason why this Court should take the extraordinary step of denying a request for a modest, 30-day extension based on these good-cause justifications.[2]

Second, Plaintiffs reaffirm their motion to consolidate this appeal with the appeal in No. 24-3880. As noted in Plaintiffs' previous motion, both this appeal and No. 24-3880 arise out of the district court's final approval of the Settlement. *See* District Court's Final Approval Order, R.557, PageID#14580-86; Sheely Notice of Appeal, R.558, Page ID#14587; Troyan et al. Notice of Appeal, R.570, PageID#14768. Both sets of objectors are also represented by the same counsel on appeal, and the briefs in the two cases largely overlap. All parties and this Court would therefore benefit from consolidating the two appeals so that one answer to all objections can be provided by this Court at once.

While Plaintiffs' brief in this appeal is currently due on January 8, 2025, Plaintiffs' brief in No. 24-3880 is currently due on January 12, 2025. Thus, if this

---

[2] Appellant's opposition indicated an unmodified briefing deadline of January 2, 2025, Appellant's Answer in Opposition, CA6.Dkt.31-1 at 7, but that is incorrect. While January 2 accords with this Court's initial schedule, *see* Briefing Letter, CA6.Dkt.15 at 2, this Court ordered Rev. Sheely to submit a corrected brief, which was not served on Plaintiffs until December 9, 2024. *See* Briefing Letter to Appellant Sheely, CA6.Dkt.25; Corrected Appellant Brief, CA6.Dkt.26. Because FRAP 31(a)(1) gives Plaintiffs 30 days to file their brief "after the appellant's brief is served," the current, unmodified deadline for Plaintiffs' brief in this appeal is January 8, 2025. Similarly, because of the need for filing a corrected appellants' brief in No. 24-3880, the current due date for Plaintiffs' brief there is January 12, 2025. *See* Briefing Letter to Appellants, No. 24-3880 (6th Cir.), Dkt.32; Corrected Appellant Brief, No. 24-3880 (6th Cir.), Dkt.33.

Court grants Plaintiffs' motion to consolidate this appeal with the appeal in No. 24-3880, then Plaintiffs' request for an extension of the briefing deadline in the consolidated appeals would extend to and include February 12, 2025.

If this Court prefers not to grant consolidation, Plaintiffs' request for an extension of the briefing deadline in this appeal would extend to and include February 7, 2025, based on a serving date of December 9, 2024, of the corrected appellants brief in this case. *See* note 2, *supra*.

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
MATTHEW D. ROWEN
KYLE R. EISWALD[*]
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

[*] Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Plaintiffs-Appellees*

December 27, 2024

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 650 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

December 27, 2024

s/Paul D. Clement  
Paul D. Clement

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement<br>
Paul D. Clement