Case No.  24-3852
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

In re:  EAST PALESTINE TRAIN DERAILMENT

---------------------------------

REV. JOSEPH SHEELY

     Interested Party-Appellant

HAROLD R. FEEZLE, On Behalf of Themselves and All Others Similarly Situated; SUSAN E. SCHEUFELE, On Behalf of Themselves and All Others Similarly Situated; DAVID J. SCHEUFELE, On Behalf of Themselves and All Others Similarly Situated; ROLLERENA AUTO SALES, LLC, On Behalf of Themselves and All Others Similarly Situated; MARILYN FIGLEY, On Behalf of Themselves and All Others Similarly Situated; ROSEMARY MOZUCH, On Behalf of Themselves and All Others Similarly Situated; CHARLES MOZUCH, On Behalf of Themselves and All Others Similarly Situated; JON LUKE AFFELTRANGER, On Behalf of Themselves and All Others Similarly Situated; EDWARD E. BARNHOUSE, On Behalf of Themselves and All Others Similarly Situated; LAURA MANN,

     Plaintiffs - Appellees

v. NORFOLK SOUTHERN RAILWAY COMPANY; NORFOLK SOUTHERN CORPORATION,

     Defendants – Appellees

_____/

## APPELLANT'S RESPONSE TO MOTION TO DISMISS APPEALS

**Submitted by:**
David M. Graham, *pro hac vice*
Attorney for Objector-Appellant Rev. Joseph Sheely
210 E. Forsyth St.
Jacksonville, FL 32202
(904) 567-6529

# TABLE OF CONTENTS

Table of Contents                                              p. i

Table of Authorities                                           p. ii

Response to "Introduction"                                     p. 1

Response to "Background"                                       p. 3

Argument                                                       p. 7

    Governing Legal Standards                                 p. 7

    Discussion                                                p. 8

    A.  Movants' claimed prejudice is unsupported by the
    record or by law.                                         p. 8

    B.  Appellants' failure to post an $850,000 bond is
    justified.                                                p. 10

    C.  Appellants' appeal briefs establish merit in their
    appeals.                                                  p. 12

Conclusion                                                     p. 19

Signature of Counsel                                           p. 20

Certificate of Compliance                                      p. 20

Certificate of Service                                         p. 20

# TABLE OF AUTHORITIES

**Cases:**

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir.2007)    pp. 7, 8, 15-18

*Brown v. McConnell*, 124 U.S. 489 (1888)    pp. 7, 11, 17

*In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir. 2004)    pp. 7, 12, 13, 15, 16

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)    p. 14

*Cruz v. English Nanny & Governess Sch.*, 169 Ohio St. 3d 716, 207 N.E.3d 742, 749 (Ohio, 2022)    p. 13

*Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373 (6th Cir. 2003)    p. 3

*Ellis v. Washington County*, 198 F.3d 225 (6th Cir. 1999)    p. 14

*Everson v. Leis*, 556 F.3rd 484 (6th Cir. 2009)    p. 10

*Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016)    p. 9

*Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996)    p. 6

*Greenberg v. Procter & Gamble Co. (In re Dry Max Pampers Litig.)*, 724 F.3d 713 (6th Cir. 2013)    pp. 9, 17

*Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629 (1916)    p. 6

*Hoge Warren Zimmerman Co. v. Nourse & Co.*, 293 F.2d 779 (6th Cir. 1961)    p. 3

*Holt v. Pitts*, 619 F.2d 558 (6th Cir. 1980)    p. 2

*Kalany v. Campbell*, 220 W.Va. 50, 640 S.E.2d 113 (W.Va. 2006)          p. 13

*Lindsey v. Normet*, 405 U.S. 56 (1972)          p. 1

*Merlino v. Delaware County*, 556 Pa. 422, 728 A.2d 949 (1999)          p. 13

*Peugh v. Davis*, 110 U.S. 227, 4 S.Ct. 17, 28 L.Ed. 127 (1884)          pp. 5, 6, 16

*Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507
    (6th Cir. 1964)          p. 7

*In re St. Lawrence Condensed Milk Corp.*, 5 F.2d 65 (2nd Cir. 1925)          p. 6

*Schmidt v. FCI Enterprises LLC*, 3 F.4th 95 (4th Cir. 2021)          pp. 1, 6

*Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299
    (6th Cir. 2016)          pp. 9-10, 17

*Swift & Co. v. Kortrecht*, 110 F. 328 (6th Cir. 1901)          p. 6

*Tenn. Conference of NAACP v. Lee*, 105 F.4th 888, 904-907
    (6th Cir. 2024)          p. 10

*Toledo Metal Wheel Co. v. Foyer Bros. & Co.*, 223 F. 350
    (6th Cir. 1915)          pp. 5, 11, 16

*United States v. Mayer*, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914)   p. 6

*United States ex rel. Randolph v. Ross*, 298 F. 64 (6th Cir. 1924)          p. 11

*United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548,
    75 L.Ed.2d 521 (1983)          p. 2

*United States Trust Co. v. Western Contract Co.*, 81 F. 454
    (6th Cir. 1897)          p. 7

*Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013)          pp. 9, 10, 17

**Statutes:**

28 U.S.C. §1291                                               pp. 2, 8

28 U.S.C. §1920                                               p. 14

**Rules:**

F.R.A.P. 3(a)(2)                                              p. 1

F.R.A.P. 4(a)(1)(A)                                           p. 11

F.R.A.P. 7                                                    pp. 12, 13

6 Cir. R. 25(a)(1)                                            p. 14

6 Cir. R. 27(e)                                               p. 19

6 Cir. R. 30(d)(1)                                            p. 14

F.R.A.P. 31(a)(1)                                             p. 11

6 Cir. R. 31                                                  pp. 11, 14

F.R.A.P. 38                                                   p. 18

6 Cir. R. 39(a)                                               p. 14

F.R.A.P. 40(d)(1)                                             p. 6

F.R.Civ.P. 54(d)                                             p. 14

**Miscellaneous:**

5 Am. Jur. 2d Appellate Review §359 (2004)                   p. 7

16A Charles Alan Wright *et al.*, Federal Practice & Procedure
        §3949.1 (4th ed. 2014)                             p. 6

Ohio R.C. §901.5                                             p. 12

Ohio R.C. §959.02                                         p. 13

42 Pa. C.S.A. §8313                                        p. 13

W.Va. Code §61-3-48a                                      p. 13

## RESPONSE TO "INTRODUCTION"

Movants commence their attack with paralogism—granting that court orders must *generally* be followed (definitely not universally true for appeal bond orders), the usual method for enforcing a court order is a contempt proceeding or a motion for sanctions.  Dismissal of an appeal is not the appropriate means of assuring compliance with court orders.   Indeed, F.R.A.P. 3(a)(2) provides (highlighting added):

> "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal."

Dismissing an appeal for failure to post an appeal bond—the validity of which has been timely and properly challenged both by motion in this Court (which, although dismissed, a timely motion for reconsideration of that dismissal remains pending (a fact completely ignored in the present Motions—and by separate appeal, No. 25-3342 (where, to date, appellants' brief on the merits stands unchallenged), is particularly disfavored where, as here, both the invalidity of the bond and appellants' inability to post it are raised in opposition.  As recognized in *Schmidt v. FCI Enterprises LLC*, 3 F.4th 95, 100-101 (4th Cir. 2021), an appeal bond should not be enforced where appellants raise "legitimate questions".   "[W]e are hesitant to foreclose a meritorious appeal based on the appellant's alleged inability to pay." citing "*Lindsey v. Normet*, 405 U.S. 56, 79, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972)

1

(finding an equal-protection-clause violation when indigent appellants must pay double bond to pursue eviction appeals)." The right to appeal, granted by statute, 28 U.S.C. §1291, is not limited to the wealthy.

Moreover, impossibility is ALWAYS a defense to enforcement of court orders. *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). This Court has recognized that "the policy of the law favor[s] the disposition of cases on their merits", and that it is an abuse of discretion to dismiss a case so as to deprive a party of a day in court because of factors beyond his or her control. *Holt v. Pitts*, 619 F.2d 558, 562-563 (6th Cir. 1980).

Here, the District Court set an appeal bond in the amount of $850,000, further specifying that if any appellant failed to contribute to posting the full amount (such as by voluntarily dismissing his or her appeal), the other appellants would be liable to furnish the full amount (ECF No. 733, PageID#.51937-51938). Every appellant filed a Declaration showing he or she can neither file an $850,000 bond, nor has the financial wherewithal to contribute $170,000 (or more) to generate an $850,000 total (Sheely Declaration, ECF No. 660-1, PageID#.46309-46311; Troyan Declaration, PageID#.51730-1, ECF No. 725-3, PageID#.51814-5; Freeze Declaration, ECF No. 725-4, PageID#.51817-8; Lynch Declaration, ECF

No. 725-5, PageID#.51820-1; Tunno Declaration, ECF No. 725-6, PageID#.51823-4).  No contrary evidence can be found in the record—Judge Pearson fallaciously concluded that, merely because appellants filed their briefs on appeal timely, they could afford an $850,000 bond (ECF No. 733, PageID#.51932). But the filing of briefs is no proof of financial ability[1].

## RESPONSE TO "BACKGROUND"

Movants cannot resist making their already tendentious summary of the facts argumentative, citing statutes, rules, and case law, prompting this counterstatement. *Hoge Warren Zimmerman Co. v. Nourse & Co.*, 293 F.2d 779, 780 (6th Cir. 1961).

Appellants ("Objectors" per the Motion), having preserved their issues by timely objections in district court[2], timely appealed the district court's approval of

---

[1] To show impossibility, Appellants must demonstrate (1) they are unable to comply with the district court's order, (2) their inability to comply was not self-induced, and (3) they took "all reasonable steps" to comply. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 381-383 (6th Cir. 2003).  Factor (1) is satisfied by the cited, unimpeached declarations.  Factor (2) is similarly fulfilled—appellants did not reduce themselves to near penury to avoid posting an $850,000 appeal bond; they never, at any relevant time, had the ability to do so.  And, lacking $850,000, singly or in combination, appellants have no "reasonable steps" open to them which would allow them to comply, so Factor (3) is also met.

[2] (ECF No. 485, PageID#.7304-7318, ECF No. 508, PageID#.9076-9102; ECF No. 543, PageID#.12543-12557—Rev. Sheely Objections; ECF No. 516-6, PageID#.10850-10852—Troyan Objections; ECF No. 516-6, PageID#.10830-10832—Lynch Objections; ECF No. 493, PageID#.8860-8864, ECF No. 516-6, PageID#.10822-10823—Freeze Objections; ECF No. 711, PageID#.51592-51596—Tunno Objections)

settlement[3].  Appellants then timely filed their briefs on appeal (No. 24-3852, Dkt. 24—Sheely, filed Dec. 2, 2024; Dkt. 24-3880, Troyan *et al.*, filed Dec. 12, 2024). Movants, after obtaining an extension of time, filed their briefs on February 3, 2025 (24-3852, Dkt. 39, 24-3880, Dkt. 44).  Norfolk Southern, without seeking to extend time, also submitted its brief on February 3, 2025 (24-3880, Dkt. 43). Appellants' (corrected) reply brief was timely filed February 25, 2025 (24-3880, Dkt. 49).

On October 7, 2024, class counsel filed their motion to require Rev. Sheely to post an $850,000 appeal bond (Motion, ECF No. 567, PageID#.14646, Brief, ECF No. 567-1, PageID#.14648-14658).  The $850,000 figure is based on numbers literally plucked from thin air (Motion Brief, ECF No. 567-1, PageID#.14655-14656; Fenwick Declaration, ECF No. 567-2, PageID#.14661, ¶4).  The Bond Motion was then extended to Troyan *et al.* (Bond Motion #2, ECF No. 671, PageID#.46663 filed Nov. 8, 2024).  On January 16, 2026, the district court ordered all appellants to file a bond of $850,000, specifying that, if any Objector chose to withdraw his/her appeal, the others would be liable for the difference (ECF No. 733, PageID#.51937-51938).

Just three days later, Appellants filed their Motion to Eliminate Bond Requirement (No. 24-3880, Dkt. 40).  Movants responded on January 28, 2025

---

[3]  (ECF No. 558, PageID#.14587–Rev. Sheely Notice of Appeal; ECF No. 570, PageID#.14768, Troyan *et al.* Notice of Appeal)

(Dkt. 41), and appellants replied in support (Dkt. 42) on January 31, 2025. On March 21, 2025, this Court dismissed the Motion to Eliminate Bond (No. 24-3852, Dkt. 47, No. 24-3880, Dkt. 52), in an order reasoning Appellants had time remaining to seek an extension of time to directly appeal the bond order.

In so holding, this Court appropriately applied its established approach, refusing to strictly enforce time limits when, as here, an appellant has proceeded with dispatch, but adjudicative delay has resulted in some deadline passing:

> Such approval and issue were delayed until after expiration of 30 days, but by reason alone of the temporary absence of both District Judges. The acts of approval and issue occurred upon the return of one of the District Judges. Since the delay mentioned was caused by no fault of appellant, we think the appeal was rightly perfected; and the motion to dismiss should be denied. *Peugh v. Davis*, 110 U.S. 227, 228, 4 S.Ct. 17, 28 L.Ed. 127; *J. D. Randall Co. v. Foglesong Mach. Co.*, 200 F. 741, 742, 743, 119 C.C.A. 185 (C.C.A. 6th Cir.).

*Toledo Metal Wheel Co. v. Foyer Bros. & Co.*, 223 F. 350, 351 n. 1 (6th Cir. 1915) (specifically applying to an appeal bond) (highlighting added).

The same day (March 21, 2025), appellants moved for extension of time in district court (Motion, ECF No. 876, PageID#.60386-60387; Brief, ECF No. 876-1, PageID#.60388-60396). The district court denied the motion on March 30, 2025 (Opinion and Order, ECF No. 923, PageID#.61235-61239). Appellants then timely appealed (Notice of Appeal, ECF No. 975, PageID#.68814), now this Court's No.

25-3342, and timely filed their merits brief on June 30, 2025 (Dkt. 22)[4]. That brief (wholly ignored by Movants) demonstrates in detail, with ample supporting authorities, (1) the district court erred in opining (directly contradicting this Court's March 21, 2025 Order) it lacked authority to extend time[5], and (2) the imposition of an $850,000 appeal bond was grossly violative of governing statutes and rules, and without a shred of supporting *competent* evidence in the record.

After the motion for extension of time was denied by the district court, on April 4, 2025, appellants timely (F.R.A.P. 40(d)(1)) moved for reconsideration of this Court's March 21, 2025 order dismissing their Motion to Eliminate Bond (No. 24-3852, Dkt. 49; No. 24-3880, Dkt. 53). Therein (pp. 2-6), appellants cite authority from the Supreme Court[6], this Court[7], other Courts of Appeals[8], *inter alia,* and the leading treatise[9], all recognizing that a motion challenging an appeal bond *is* within the appellate court's jurisdiction over the original appeal. Appellants also explained therein (p. 4) that they disavowed seeking a stay of the

---

[4] Appellants' corrected brief was filed on July 10, 2025 (Dkt. 25).

[5] Additionally, the principle of relation back may be applied to satisfy any deadline. *Peugh v. Davis*, 110 U.S. 227, 228-229, 4 S.Ct. 17, 28 L.Ed. 127 (1884).

[6] *United States v. Mayer*, 235 U.S. 55, 66, 35 S.Ct. 16, 59 L.Ed. 129 (1914); *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co*., 240 U.S. 251, 259, 36 S.Ct. 269, 60 L.Ed. 629 (1916).

[7] *Swift & Co. v. Kortrecht*, 110 F. 328, 328-329 (6th Cir. 1901); *Golden v. Kelsey-Hayes Co*., 73 F.3d 648, 661 (6th Cir. 1996).

[8] *Schmidt v. FCI Enters. LLC, supra*, 3 F.4th at 100; *In re St. Lawrence Condensed Milk Corp*., 5 F.2d 65 (2nd Cir. 1925).

[9] 16A Charles Alan Wright *et al.*, Federal Practice & Procedure § 3949.1 (4th ed. 2014)

bond order, because that would potentially leave them with a crushing $850,000 liability if their merits appeals were unsuccessful.    That Motion for Reconsideration remains pending.

## ARGUMENT

### Governing Legal Standards:

Failure to file a bond for costs on appeal is not jurisdictional. *Brown v. McConnell*, 124 U.S. 489, 492 (1888) ("The taking of security is not jurisdictional in its character, and its omission affects only the regularity of the proceedings."); *Powers v. Citizens Union Nat'l Bank & Trust Co*., 329 F.2d 507, 508 (6th Cir. 1964); *United States Trust Co. v. Western Contract Co.*, 81 F. 454 (6th Cir. 1897) ("The giving and acceptance of an appeal bond is not jurisdictional.").

Such "failure" *may*, however, furnish grounds for dismissal.  *Powers* at 509. "When considering whether dismissal is appropriate, we look to factors such as the prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal." *In re Cardizem CD Antitrust Litig*., 391 F.3d 812, 818 (6th Cir. 2004) (citing 5 Am. Jur. 2d Appellate Review §359 (2004)).  Another obvious but often overlooked factor is whether the bond amount is valid—dismissal based on an inflated bond amount would be grossly unjust.  *Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950, 961-962 (9th Cir.2007) (quoted *infra*, pp. 15-16).

7

## Discussion

### A.  Movants' claimed prejudice is unsupported by the record or by law.

While Movants argue (Motion, pp. 5–6) that the appeals have caused "significant prejudice," they cite no factual basis for this claim. It is a bare assertion, unsupported by the record and advanced solely through counsel's ipse dixit. Moreover, whatever prejudice flows from the appeals of the class action settlement are inherent in the appellate process—Movants' remedy is to ask Congress to abolish the right of appeal in civil cases by repealing 28 U.S.C. §1291. "Prejudice" cannot arise from appellants' inability to post bond, for reasons addressed in *Azizian, supra* at 962:

> Finally, we reject Plaintiffs-Appellees' argument that Wilkinson's failure to pay the bond has caused them undue prejudice by delaying completion of the settlement. Any delay in completion of the settlement stems from Wilkinson's appeal itself, not from her failure to pay the bond.

Movants (Motion, p. 11) offer an illogical, statistical argument—54,925 class members accepted the settlement[10], 417 opted out, and 86 filed objections, of which 5 appealed.  If appeals were popularity contests, appellants might indeed be "toast".  But appeals, in class actions *inter alia*, are resolved on the law and facts.  Thus, when 8 objectors appealed three *nationwide* class action settlements—also

---

[10] Movants gloss over the fact that 130,000 class member households failed to respond at all, putting claimed "community satisfaction" in a rather different light.

from the Northern District of Ohio—this Court reversed and remanded, finding the settlements unfair, unreasonable, and inadequate, and class notice deficient. *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 754-760 (6th Cir. 2013).   To like effect is *Greenberg v. Procter & Gamble Co. (In re Dry Max Pampers Litig.)*, 724 F.3d 713 (6th Cir. 2013) (reversing class action settlement for identical reasons). It is the merit of Objectors' arguments, not the number of objectors compared to the number of gruntled class members, that matters.  As Judge Clay, dissenting, noted in *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 294-295 (6th Cir. 2016):

> What the majority [and Movants] misses in its survey of the case law and academic literature is that the court below abused its discretion in approving a class action settlement which fails to adequately protect the interests of class members and unduly enriches class counsel at the expense of their own clients.

> Similarly, in *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 302 (6th Cir. 2016), this Court also reversed a class action settlement on

grounds paralleling those argued herein by appellants:

> A class action based, as this one is, on credible allegations that Michigan's largest health insurer engaged in price-fixing to the detriment of millions of Michigan citizens, is a case in which the public has a keen and legitimate interest. Yet the district court sealed most of the parties' substantive filings from public view, including nearly 200 exhibits and an expert report upon which the parties based a settlement agreement that would determine the rights of those millions of citizens. Class members who sought to object to the proposed settlement thus had no ability to examine the bases of what they were objecting to. To compound matters, the district court then approved the settlement without meaningful scrutiny of the settlement's fairness to unnamed members of the class. We vacate the

9

district court's order approving the settlement, vacate the orders to seal, and remand for an open and vigorous examination of the settlement's fairness to the class.

Here, class counsel likewise refused to release their expert's report for class members to review, and instead staged a pre-recorded press conference by another "expert" whom class counsel later disavowed (*see* Rev. Sheely's appeal brief, No. 24-3852, Dkt. 24, pp. 31, 34-36). And here, again, the district court's scrutiny of the settlement's fairness was perfunctory and entirely reliant on self-serving statements of class counsel, eager to claim their $162 million fee. And as in *Vasalle* and *Shane Grp*, here named class plaintiffs stand to receive 7X what unnamed class members receive from the settlement (ECF No. 452-2, PageID#.6059).

## B. Appellants' failure to post an $850,000 bond is justified.

Having failed to challenge appellants' declarations of financial inability to post bond of $850,000 in their reply brief (ECF No. 667, PageID#.46364-46374), Movants belatedly argue Rev. Sheely's declaration is "conclusory".[11] But Movants

---

[11] Movants (as Appellees) adopt Objectors' (Appellants') position that a conclusory declaration is a nullity. *Tenn. Conference of NAACP v. Lee*, 105 F.4th 888, 904-907 (6th Cir. 2024); *Everson v. Leis*, 556 F.3rd 484, 493 (6th Cir. 2009) (both cited in Objectors' brief in No 25-3342, p. 6 n. 1) and throughout Objectors' efforts opposing appeal bond. This tergiversation does Movants no good here—Rev. Sheely's declaration is not conclusory—but it absolutely eviscerates their reliance on the appeal bond itself, as its $25,000 "taxable cost" component is predicated entirely on the unsworn, unsubstantiated conclusory declaration of class counsel (ECF No. 567-1, PageID#.14655-14656), and its $825,000 "administrative cost" component derives solely from Scott Fenwick's conclusory, hearsay declaration (Fenwick Declaration, ECF No. 567-2, PageID#.14661, ¶4).

10

(Motion, p. 12) merely quote a single sentence fragment ("not in a financial position to post any sort of a bond"), ignoring the supporting, ample fiscal detail—a "modest home" previously valued at $130,000, which "suffered existential financial devaluation" due to the derailment and resulting pollution, serious health problems, and a Hobson's choice of having to withdraw his appeal if required to post bond (ECF No. 660-1, PageID.46309, 46311, ¶¶2, 5, 13).

Next, Movants (Motion, p. 12) contend Appellants' "conduct belies * * * assertions" of financial inability.  But the fact Appellants are not proceeding *in forma pauperis* fails to prove they can post an $850,000 bond.  See *United States ex rel. Randolph v. Ross*, 298 F. 64 (6th Cir. 1924) (party represented by counsel on a contingency fee basis not qualified for *forma pauperis* status unless attorney also qualifies).  That Appellants briefed their appeals while the bond motion was pending proves only that briefing deadlines were not extended by the appeal bond motion.  F.R.A.P. 31(a)(1); 6 Cir. R. 31(1).

The contention that the appeal in No. 25-3342 must fail due to the time limit in F.R.A.P. 4(a)(1)(A) ignores the analysis in appellants' merits brief therein (Dkt. 25, pp. 11-17[12]) as well as *Toledo Metal Wheel Co, supra*, *Brown v. McConnell*, and the pending Motions for Reconsideration (No. 24-3852, Dkt. 49; No. 24-3880,

---

[12] The original brief, Dkt. 22, was available to Movants—the relevant pages therein were 9-16.

11

Dkt. 53).

## C.  Appellants' appeal briefs establish merit in their appeals.

In *Cardizem* at 816, this Court recognized that, in this situation, "We therefore must determine what impediments can be placed in the path of a litigant seeking to appeal."  In *Cardizem* itself, *id.*, it was held that "costs" as used in F.R.A.P. 7 is to be defined by reference to "costs properly awardable under the relevant substantive statute or other authority" underlying the class action.

Herein, most claims in the Amended Master Class Action Complaint were predicated on common law:  Count IA, Negligence and Negligence Per Se (ECF No. 138, PageID#.1827), Count II, Strict Liability, *id.*, PageID#.1841, Count III, Statutory Nuisance (*id.*, PageID#.1843), Count IV Statutory Nuisance—Pennsylvania (*id.*, PageID#.1845), Count V, Private Nuisance (*id.*, PageID#1847), Count VI, Public Nuisance (*id.*, PageID#.1850), Count VII, Trespass (*id.*, PageID#.1852), Count VIII, Trespass to Chattels (*id.*, PageID#.1854), Count XIV[13], Medical Monitoring (Pennsylvania residents) (*id.*, PageID#.1865), Count XV, Medical Monitoring (W. Virginia residents) (*id.*, PageID#.1867), Count XVI, Spoliation (*id.*, PageID#.1868), Count XVII, Gross Negligence/Willful and Wanton Conduct (*id.*, PageID#.1870).  Some claims had a statutory basis:  Count IX, Destruction of Vines, Bushes, Trees and Crops, Ohio R.C. §901.5 (*id.*,

---

[13]  Count XIII, Medical Monitoring as to Ohio residents, was dismissed on summary judgment.

12

PageID#.1857), Count X, Agricultural Crop Destruction, 42 Pa. C.S.A. §8313 (*id*., PageID#.1858), Count XI, Destruction of Timber, Trees, Logs, Posts, Fruits, Nuts, Growing Plants or Products of Said Plants, W.Va. Code §61-3-48a (*id*., PageID#.1860), Count XII, Injuring Animals, Ohio R.C. §959.02 (*id*., PageID#.1861).

Most counts contain a demand for punitive damages, a few for exemplary damages, and one (Count IX) for treble damages. <u>But no count contains any request for costs, attorney fees, or "administrative fees" of any kind, nor any identification of a basis by statute or rule for awarding same.</u> Ohio adheres to the "American Rule", *viz.*, "a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation" unless a statute so provides. *Cruz v. English Nanny & Governess Sch.*, 169 Ohio St. 3d 716, 724, 207 N.E.3d 742, 749 (Ohio, 2022). Pennsylvania, *Merlino v. Delaware County*, 556 Pa. 422, 425, 728 A.2d 949 (1999), and W. Virginia, *Kalany v. Campbell*, 220 W.Va. 50, n. 15, 640 S.E.2d 113 n. 15 (W.Va. 2006), also follow the American Rule. *Most importantly, the Motion for Appeal Bond did not include an attorney fee component*.

The Motion for Appeal bond sought $25,000 for "taxable costs" under F.R.A.P. 7, plus "administrative costs" of $825,000. Not only was no statute or rule allowing "administrative costs" identified in the supporting brief (ECF No. 567-1, PageID#.14656-14657) as required by *Cardizem*, but the $825,000 figure

13

was plucked from the air based on inadmissible, rank hearsay[14], with no supporting detail as to what, exactly, such costs would be, how the figure was calculated, or why the Settlement Administrator, Kroll, while doing little or nothing pending appeal, would incur otherwise avoidable expenses.  See Fenwick Declaration, ECF No. 567-2, PageID#.14661, ¶4[15].

Similarly, the $25,000 figure was not based on any analysis of actual, taxable costs expected to be incurred in class counsel's defense of the appeal, but simply predicated on what had been allowed in *unrelated cases* in which a supporting, detailed estimate *was* provided (ECF No. 567-1, PageID#.14656).  In this Court, for example, costs of printing briefs are not taxable, 6 Cir. R. 39(a), because briefs—other than those filed *inops consilii*—must be filed electronically, 6 Cir. R. 25(a)(1), 6 Cir. R. 31(a); 6 Cir. R. 30(d)(1).  Taxable costs under F.R.Civ.P. 54(d) are limited to those specified in 28 U.S.C. §1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).  No such costs were even mentioned in either the Bond Motion or Supporting Brief, still less estimated with supporting facts or analysis.

---

[14] *Ellis v. Washington County*, 198 F.3d 225, 229 (6th Cir. 1999).
[15] The fact that Kroll has been dismissed as Settlement Administrator (ECF No. 979, PageID#.68823-68827) at Movants' request to "immediately suspend and terminate" the appointment, and supported by Judge Pearson's finding "Kroll has not fulfilled its obligation to adequately administer the Settlement",  serves to undermine the credibility of the Fenwick declaration, aside from its hearsay and conclusory deficiencies.

As the Ninth Circuit, adopting *Cardizem*, reasoned in *Azizian, supra*, 499

F.3d at 961-962 (highlighting added):

> Finally, we address Plaintiffs-Appellees' motion to dismiss Wilkinson's merits appeal for failure to post the Rule 7 bond. Where an appellant has failed to pay an appeal bond, it is within our sound discretion to dismiss the appeal. *Hagan v. Whitman*, 356 F.2d 742, 745 (9th Cir.1966) (per curiam). However, Federal Rule of Appellate Procedure 3(a)(2) provides that * * * an appellant is not required to post a Rule 7 bond to perfect its appeal. See also Fed. R.App. P. 3(a) advisory committee's note (1967 adoption).
>                      * * *
> More helpful than our decision in *Hagan* is a recent decision by the Sixth Circuit, *In re Cardizem CD Antitrust Litigation*, in which the court dismissed the appeal of a named plaintiff who objected to a proposed settlement in a nationwide antitrust class action based on the plaintiff-appellant's failure to post a Rule 7 bond of $174,429 covering security for "filing and brief preparation costs," "incremental administration costs," and "projected attorneys' fees." 391 F.3d at 814-15. The court first noted that the appellant had not made a "good faith proffer of a lesser [undisputed] amount" or sought a stay in the district court. *Id*. at 818. It then considered as relevant factors, "prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal." *Id*. Concluding that none of these other factors weighed in the appellant's favor, the court elected to dismiss the appeal. *Id*.
>
> We conclude, on the facts of this case, that the factors discussed in *Cardizem* do not support dismissal of Wilkinson's appeal. First, in contrast to the appellant in *Cardizem*, Wilkinson did proffer payment of the undisputed portion of the bond, $2,000.00, to the district court clerk, which was refused.[16] Wilkinson then moved in the district court to reduce the bond amount. When her motion was denied, she appealed the bond order. Although Wilkinson did not move to stay the bond, she did not simply "ignore [the] order," *id*., but rather made legitimate efforts to reduce its amount. Her diligence in this respect weighs against dismissal of her appeal.

---

[16] Herein, appellants contend that nothing in excess of zero dollars is valid.

Second, in contrast to *Cardizem*, where the appellant "made no effort in the district court to justify her failure to post the bond," *id.*, Wilkinson has consistently argued that the amount of the bond was legally erroneous because neither Rule 7 nor Section 4 of the Clayton Act supports the district court's order requiring security for appellate attorney's fees. Although we have rejected Wilkinson's argument concerning Rule 7, we conclude that her reading of Clayton Act Section 4 is correct. While a meritorious legal argument for reducing the amount of a Rule 7 bond might not excuse its nonpayment in all circumstances, this factor weighs against dismissal here.

Third, in contrast to *Cardizem* where the court concluded that the appellant's appeal lacked merit, Wilkinson's appeal raises legitimate questions about class certification, notice, and the settlement's fairness, reasonableness, and adequacy.

Finally, we reject Plaintiffs-Appellees' argument that Wilkinson's failure to pay the bond has caused them undue prejudice by delaying completion of the settlement. Any delay in completion of the settlement stems from Wilkinson's appeal itself, not from her failure to pay the bond.

We therefore decline to dismiss Wilkinson's appeal on the merits.

Here, appellants likewise did "not simply 'ignore the order'". From the outset, appellants challenged the bond as invalid, and took prompt, appropriate steps to challenge both its amount and legality. Appellants' separate bond appeal in No. 25-3342 currently stands unrebutted. Movants declare, by ipse dixit, that it is immaterial—yet in the same breath, they vaguely promise to submit a merits brief at some point in the future (Motion, p. 4 n.3). Their argument against an extension of time is similarly deficient, consisting of conclusory assertions that fail to engage with the specific justifications set forth in Appellants' merits brief (Dkt. 22, pp. 10-

16

16), as well as *Toledo Metal Wheel Co., Peugh v. Davis*, and *Brown v McConnell, supra*, why it could (and should have been).

Appellants' briefs on appeal (No. 24-3852, Dkt. 24, No. 24-3880, Dkt. 25) make similar, legitimate arguments, as in *Vassalle, Shane Group, Greenberg,* and *Azizian*, concerning notice and the fairness, reasonableness, and adequacy of the settlement.  Importantly, in their appeal briefs Appellants addressed the district court's failure to consider the documentation they produced that Norfolk Southern and class counsel suppressed evidence that the toxicity and extent of the pollution resulting from the derailment was much worse than class members were led to believe.  Recently, a watchdog environmental group obtained and released a March 7, 2023 e-mail from EPA Region 5 Coordinator Ralph Dollhopf (Exhibit 1), which, per Norfolk Southern's request, removed five (5) highly toxic substances—2,3,4,6-Tetrachlorophenol,    1,2,4,5-tetrachlorobenzene,    pentachlorobenzene,    1,2,3-trichlorobenzene and 1,2,4-trichlorobenzene—from the list of pollutants to be screened by soil testing.  This powerfully supports Objectors' contention that the Settlement is the product of misleading information orchestrated by Norfolk Southern's strenuous efforts to downplay the hazards and class counsel's failure to vigorously protect their clients' interests.  Dismissal of these appeals would mean that Norfolk Southern's campaign to conceal the extent and severity of the pollution, and to minimize its liability to class members, is an unbridled success.

17

Correlatively, Movants not only required additional time to prepare their appellate briefs (hardly necessary to address facially meritless arguments), each consisting of 12,985 words.   Yet Movants made no contention therein that appellants' arguments are frivolous, nor is there any mention of F.R.A.P. 38[17].   Yet

---

[17] The district court, in setting the appeal bond, speculated this Court might impose F.R.A.P. 38 sanctions for a frivolous appeal (ECF No. 733, PageID#.51935).   But as *Azizian*, 499 F.3d at 960-961 held (highlighting added):

> Even if we were to conclude that [Wilkinson's] appeal was frivolous, however, we would reverse the district court's inclusion of appellate attorney's fees on that basis.
>
> Award of appellate attorney's fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively,  * * *.  Moreover, a Rule 7 bond including the potentially large and indeterminate amounts awardable under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs on appeal. Finally, in contrast to ordinary fee-shifting and cost provisions, Rule 38 authorizes an award of appellate attorney's fees not simply as incident to a party's successful appellate defense * * *, but rather as a sanction for improper conduct on appeal. * * * only the court of appeals may order the sanction of appellate attorney's fees under Rule 38. * * * We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines*, 779 F.2d at 717. Allowing districts court to impose high Rule 7 bonds on grounds the appeals might be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination. *Id.* at 717, 718; see also *Adsani*, 139 F.3d at 79 ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir.1974)).

18

in the present Motions (pp. 16-17), in merely two pages Movants purport to denigrate the merits of the appeals with one conclusory reference to the standard of review (abuse of discretion), citing no other authority.  While Movants do cross-reference their merits brief(s), they blissfully ignore the fact their arguments were rebutted in appellants' reply briefs (No. 24-3852, Dkt. 44, pp. 1-22; No. 24-3880, Dkt. 49, pp. 1-4, 6-22).  In effect, Movants seek to use this Motion as a subterfuge to evade the prohibition against motions to affirm, contrary to 6 Cir. R. 27(e).

## CONCLUSION

The Motions to Dismiss should be denied.

In addition to being unjustified under the governing legal standards, dismissal would also lead to absurd complications.  Appellants' appeal of the district court's order refusing to extend time to appeal the bond order (No. 24-3342) remains pending.  If appellants' prevail, but their underlying appeals of class action settlement have been dismissed, this Court, even if it could reinstate Nos. 24-3852 and 24-3880, would then be faced with a settlement that was a *fait accompli*, such that reversal or remand could involve trying to recoup settlement funds from tens of thousands of class members.  Movants' attempt to dismiss appeals piecemeal ignores these complications.

Respectfully submitted,

/s/ David M. Graham, *pro hac vice*
Attorney for Objector-Appellant Sheely

19

210 E. Forsyth St.
Jacksonville, FL 32202
(904) 567-6529

## CERTIFICATE OF COMPLIANCE per FRAP 27(d)(2)(A)

David M. Graham, appearing *pro hac vice*, certifies, under FRAP 27(d)(2)(A) that this Response contains 5,063 words, inclusive of headings, footnotes, citations and quotations, as counted by Microsoft Word 2010, the word processing software used to create this Brief. The typeface is Times New Roman 14 point, a serif font in conformity with FRAP 32(a)(6).

By: /s/ David M. Graham                         Dated: July 22, 2025
David M. Graham, *pro hac vice*
Attorney for Objector-Appellant Sheely

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David M. Graham
David M. Graham, *pro hac vice*
Attorney for Objector-Appellant Sheely